United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. W., *et al.*,<br><br>   Plaintiffs,<br><br>vs.<br><br>PFIZER, INC., *et al.*,<br><br>   Defendants. | Case No.: 13-CV-00318-YGR<br><br>**ORDER GRANTING DEFENDANTS PFIZER INC. AND GREENSTONE LLC'S MOTION TO STAY PROCEEDINGS, DENYING PLAINTIFFS' MOTION TO REMAND IN LIGHT OF STAY, AND DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY AS MOOT** |

Plaintiffs J.W. and Miranda Evans ("Plaintiffs") brought this action on December 28, 2012 in San Francisco Superior Court against Defendants Pfizer, Inc., McKesson Corporation, Greenstone, LLC, and Does 1 through 100, alleging that Defendants' prescription medication Zoloft caused birth defects when taken by pregnant women. Prior to the initiation of this action, the Judicial Panel on Multidistrict Litigation ("JPMDL") approved Multidistrict Litigation ("MDL") status for the numerous cases alleging that Zoloft causes birth defects in children when their mothers ingest the drug while pregnant (MDL 2342). *In Re: Zoloft (Sertraline Hydrochloride) Products Liability Litigation*, 856 F. Supp. 2d 1347, 1347 (J.P.M.L. 2012).

On January 30, 2013, the JPMDL issued a Conditional Transfer Order ("CTO") transferring this case to MDL 2342. (CTO-29, MDL 2342, Dkt. No. 321.) Plaintiffs filed a Notice of Opposition to the CTO and a Motion to Vacate the CTO ("Motion to Vacate"). Defendants Pfizer, Inc. and Greenstone, LLC ("Pfizer Defendants") oppose the Motion to Vacate. The Motion to Vacate is currently pending before the JPMDL.

In the action before this Court, Pfizer Defendants filed a Motion to Stay Proceedings on January 28, 2013. ("Stay Motion" [Dkt. No. 7].) Pfizer Defendants argue that staying this case

would preserve judicial resources and avoid potentially inconsistent rulings on legal questions common to multiple cases in MDL 2342—namely, questions of federal preemption and fraudulent joinder. Plaintiffs oppose the Stay Motion. They assert that the Court should resolve their Motion to Remand Matter to California State Court, filed on February 11, 2013 ("Remand Motion" [Dkt. No. 21]), *before* the case is transferred to the MDL. In addition, Plaintiffs argue that this Court is better situated to rule on an issue of California law and that a stay would result in Plaintiffs' case languishing in federal court.

Plaintiffs argue in their Remand Motion that complete diversity does not exist because Defendant McKesson Corp. ("McKesson") is properly joined. Pfizer Defendants oppose the Remand Motion. They argue that McKesson is fraudulently joined because: (1) the learned intermediary doctrine and Comment k of the Restatement (Second) of Torts Section 402A preclude liability against distributors of prescriptions medications; (2) the state claim is preempted by federal law; and (3) there is no causal nexus between McKesson and the alleged injury. Seven days after Plaintiffs filed their reply in support of the Remand Motion (Dkt. No. 27), Defendants filed a Motion for Leave to File a Sur-Reply ("Motion for Leave" [Dkt. No. 30]).

The Court previously found that the pending Stay Motion and Remand Motion were appropriate for decision without oral argument pursuant to Fed. R. Civ. P. 78(b) and Civ. L.R. 7-1(b) and took the matters under submission without hearing. (Dkt. No. 32.) At this time, the Stay Motion, Remand Motion, and the Motion for Leave are all pending before this Court.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Stay Motion pending the decision of the JPMDL on the Motion to Vacate the CTO. The Remand Motion is **DENIED** in light of granting the Stay Motion, but may be re-filed in this Court if the JPMDL vacates the CTO. The Motion for Leave is **DENIED** as moot.

## I. DISCUSSION

### A. LEGAL STANDARD

"The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. [section] 1407 does not affect or suspend

2

orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." J.P.M.L. R. 2.1(d).  Therefore, a district court has the discretion to stay the proceedings or to consider a motion to remand. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). When determining whether to stay proceedings pending a JPMDL transfer, courts may consider three factors: " '(1) potential prejudice to the non-moving party, (2) hardship and inequity to the moving party if the action is not stayed, and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.' " *Couture v. Hoffman-La Roche, Inc.*, No. 12-2657 PJH, 2012 WL 3042994, at *2 (N.D. Cal. July 25, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

"Deference to the MDL court for resolution of a motion to remand often provides 'the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.' " *Couture*, 2012 WL 3042994, at *2 (quoting *Nielson v. Merck and Co.*, No. 07-00076 MJJ, 2007 WL 806510, at *1 (N.D. Cal. Mar. 15, 2007)).  Some courts have found a "general rule" that district courts should defer ruling on pending motions to remand in MDL litigation until after the JPMDL has made a transfer determination. *Michael v. Warner-Lambert Co.*, No. 03-cv-1978, 2003 U.S. Dist. LEXIS 21525, at *3 (S.D. Cal. Nov. 20, 2003) (quoting *Jackson ex. rel. Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at *6 (W.D. Tenn. April 3, 2001)).

In light of the deference to MDL courts as noted above, the Court first considers the factor of judicial economy.

**B.   JUDICIAL ECONOMY**

Pfizer Defendants claim that other cases in MDL 2342 have raised both of the jurisdictional issues in this case and that those issues are currently under consideration by the Honorable Cynthia M. Rufe.  Those issues are: (1) whether *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), preempts claims against distributors, such as McKesson, in failure to warn claims; and (2) whether distributors, such as McKesson, are liable under California law.  (Defendant Pfizer Inc. and Greenstone LLC's Opposition to Plaintiffs' Motion to Remand [Dkt. No. 25] at 8, 12.) Pfizer Defendants cite to two cases in the MDL that argue these issues: *W.R. ex rel. Randall v. Pfizer, Inc.*,

3

MDL No. 2342, 3:2012-cv-04669, and *Z.S. ex rel. Smith v. Pfizer, Inc*, MDL No. 2342, 3:2012-cv-02126.  (Defendants Pfizer Inc. and Greenstone LLC's Reply in Support of their Motion to Stay ["Pfizer Defendants' Reply to Stay Motion"] [Dkt. No. 23] at 6.)  Granting the Stay Motion supports judicial economy for three reasons.

First, the existence of other cases with similar jurisdictional questions weighs strongly in favor of staying the proceedings.  Allowing the MDL judge to address these issues simultaneously promotes "uniformity, consistency, and predictability."  *Couture*, 2012 WL 3042994, at *2.  Assuming *arguendo* that this Court is in a better position to interpret California law, any potential benefit is outweighed by these policies.[1]  Judge Rufe is undoubtedly capable of applying both federal and California state law, particularly in light of the fact that she is already doing so for two cases in MDL 2342 that were transferred out of the Northern District of California.

Second, the JPMDL *in MDL 2342* has already commented on the handling of jurisdictional issues.  In an April 17, 2012 Transfer Order, the Panel noted that plaintiffs in several actions argued that removed actions should not be included in centralized proceedings because they will involve unique jurisdictional issues.  *In Re: Zoloft (Sertraline Hydrochloride) Products Liability Litigation*, 856 F. Supp. 2d 1347, 1347 (J.P.M.L. 2012).  The Panel responded:

> We respectfully disagree with these arguments.  Almost 40 actions are now pending . . . and it appears likely that additional actions will be filed in the future.  Furthermore, *the Panel has long held that jurisdictional objections do not overcome the efficiencies that can be realized by centralized proceedings.*

*Id.* at 1347–48 (emphasis supplied).

Third, similar cases from this district support staying a case when other cases in the same MDL have the same jurisdictional issues, despite pending motions to remand.  In three cases involving the alleged fraudulent joinder of McKesson, courts have opted to stay the proceedings in the interests of judicial economy and consistent rulings.  In *Couture v. Hoffman-La Roche, Inc.*, No. 12-2657 PJH, 2012 WL 3042994, at *1 (N.D. Cal. July 25, 2012), plaintiff moved to remand and

---

[1] Notably, one district court in the Central District of California that was handling two Zoloft MDL cases, took both the motions to stay and remand off calendar until the JPMDL determined whether to transfer the cases.  *See J.G. ex rel. Gray v. Pfizer, Inc.*, No. 2:12-cv-00486-JAK-PLA (C.D. Cal.); *C.R. ex rel. Rosen v. Pfizer, Inc.*, No. 2:12-cv-01853-JAK-PLA (C.D. Cal.).

opposed a conditional transfer order to an MDL dealing with the drug Accutane. Amidst a claim for fraudulent joinder by Defendants, including McKesson, the district court focused on the conservation of judicial resources and the risk of inconsistent rulings, noting that at least one other case in the MDL involved similar jurisdictional issues. *Id.* at *1–4. In addition, the court found that the potential hardship of denying the stay, such as the risk of litigating in multiple fora, outweighed the plaintiff's claimed hardship of delay in the MDL court. *Id.* at *2–3. *See Scroggins v. Hoffman-La Roche, Inc*, No. 12-2615 SI, 2012 WL 2906574, at *1 (N.D. Cal. July 16, 2012) (holding a stay was "in the interest of judicial economy and consistency"); *Hardin v. Merck & Co., Inc.*, No. 07-0070 SBA, 2007 WL 1056790, at *1–3 (N.D. Cal. Apr. 5, 2007) (finding that the "policy of consistent rulings" favored a stay because other cases in the MDL raised the same jurisdictional questions and rejecting plaintiff's argument that a California-based court was necessarily in a better position to determine the fraudulent joinder issue because the MDL judge had "great familiarity with" the facts and legal issues involved).

Plaintiffs' arguments do not compel a finding that the Remand Motion must be decided before the Stay Motion, particularly in a case such as this where multiple MDL cases share common jurisdictional issues. For example, Plaintiffs cite *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049 (N.D. Cal. 2004), for the proposition that courts "should give preliminary scrutiny to the merits of the motion to remand." (Plaintiffs' Opposition to Motion to Stay Proceedings ["Plaintiffs' Opp. to Stay Motion"] [Dkt. No. 20] at 6.) However, that case also says that "if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, the court should stay the action." *Conroy*, 325 F. Supp. 2d at 1053. In this case, Pfizer Defendants present at least a reasonable argument that McKesson is fraudulently joined under either of the two theories detailed above. If the facts obviously supported remand, deciding the Remand Motion first may be more appropriate and perhaps the most efficient course of action. *See Camara v. Bayer Corp.*, No. 09-06084 WHA, 2010 WL 902780, at *3 (N.D. Cal. Mar. 9, 2010) ("If the remand motion appeared to be more one-sided in favor of plaintiffs, the undersigned would be inclined to decide the motion now."). Such is not the case here.

### C.  BALANCING HARDSHIP TO THE MOVING PARTY WITH PREJUDICE TO THE NON-MOVING PARTY

The Court also finds that Pfizer Defendants risk considerable hardship if the Stay Motion is denied—namely, they risk the possibility of inconsistent outcomes. Plaintiffs' primary claimed harm is the potential delay in litigation, assuming that their claims rightfully belong in California state court. By contrast, Pfizer Defendants would be required to litigate in multiple fora. Plaintiffs claim that their case will "languish in federal court," and that their jurisdictional question will not be considered for several months. (Plaintiffs' Opp. to Stay Motion at 10.) However, Plaintiffs offer no tangible harm that they would suffer from waiting a term of months. In light of the value of consistent rulings and efficient consideration of common issues, Plaintiffs' claimed hardship does not outweigh the benefits of a stay so as to require immediate consideration of the Remand Motion.

## II.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay Proceedings (Dkt. No. 7) is hereby **GRANTED** until the JPMDL rules on Plaintiffs' Motion to Vacate the CTO. Plaintiffs' Motion to Remand to California State Court (Dkt. No. 21) is **DENIED,** but may be re-filed in this Court if the CTO is vacated. Defendants' Motion for Leave to File a Sur-Reply in Opposition to Plaintiffs' Motion to Remand (Dkt. No. 30) is **DENIED** as moot.

The parties are **ORDERED** to promptly file a joint notice of any activity by the Judicial Panel on Multidistrict Litigation affecting the stay.

This Order terminates Dkt. Nos. 7, 21, and 30.

**IT IS SO ORDERED**.

Dated: April 5, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**