# UNITED STATES JUDICIAL PANEL
### on
## MULTIDISTRICT LITIGATION

**IN RE: ZOLOFT (SERTRALINE HYDROCHLORIDE)
PRODUCTS LIABILITY LITIGATION**

| | |
|---|---|
| J.W., et al. v. Pfizer, Inc., et al., | ) |
|     N.D. California, C.A. No. 4:13-318 | ) |
| A.B., et al. v. Pfizer, Inc., et al., | ) |
|     N.D. California, C.A. No. 3:13-1006 | ) |

*4:13-318*

MDL No. 2342

## TRANSFER ORDER

**Before the Panel**: Pursuant to Panel Rule 7.1, plaintiffs move to vacate our orders conditionally transferring these actions to MDL No. 2342. Defendant Pfizer, Inc. (Pfizer) opposes the motions to vacate.

After considering all argument of counsel, we find that these actions share questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to MDL No. 2342 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs do not dispute that these actions share questions of fact with MDL No. 2342. Like many of the already-centralized actions, they involve factual questions arising from allegations that plaintiffs' children were born with birth defects as result of their mothers ingesting Zoloft during pregnancy. *See In re: Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, 856 F. Supp. 2d 1347 (J.P.M.L. 2012).

In support of their motions to vacate, plaintiffs argue that federal subject matter jurisdiction is lacking, and plaintiffs' motions to remand to state court are pending. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED: 6-11-13

ATTEST: _____

DEPUTY CLERK, UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |